IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SIOBHAN BIANCA REAVES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 3:24-CV-283-RAH-KFP |
| ) | |
| CITY OF AUBURN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiffs filed this pro se 42 U.S.C. § 1983 action on May 13, 2024. Doc. 1. On August 23, 2024, this Court entered an order granting Plaintiffs' motion to file an amended complaint "no later than September 6, 2024." Doc. 17 at 1–2. On September 16, 2024, Plaintiffs filed a Motion for Extension of Time requesting additional time to file the amended complaint. Doc. 18. On September 19, 2024, the Court granted the motion and imposed a new deadline of September 30, 2024. Doc. 19. The order noted that the "motion for extension of time was untimely" and further warned Plaintiffs "that no further extensions will be granted absent extraordinary circumstances." *Id.* The order further stated that "[f]ailure to comply with this order may result in a recommendation that the case be dismissed." *Id.* Plaintiffs' Amended Complaint (Doc. 20) was filed on October 15, 2024, more than two weeks past the extended deadline.

    **I.    Rule 41(b)**

A federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–

31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Fed. R. Civ. P. 41(b). "A district court has authority under Federal Rule of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules." *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993). The Eleventh Circuit clarified that "dismissal is warranted only upon a 'clear record of delay or willful contempt *and* a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).

Here, the Court finds dismissal of this case is warranted and no lesser sanction will suffice because Plaintiffs have willfully disregarded the orders of the Court and failed to properly prosecute this cause of action, and they were forewarned that such failures could result in dismissal of their case. *See Jacobs v. Clayton Cnty. Solic. Gen. Off.*, 685 F. App'x 824, 825–27 (11th Cir. 2017) (holding the district court did not abuse its discretion when it dismissed a case under Rule 41(b) for a pro se plaintiff's failure to timely file an amended complaint after the plaintiff had been forewarned in an order directing her to amend her complaint and that such failure may result in dismissal of the case); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The Eleventh Circuit has found "a record of willful delay" satisfied where a party "asked for,

and received, one extension of time" and when a party "was repeatedly warned that her action would be dismissed if the filing deadline was not met." *Jacobs*, 685 F. App'x at 827.

Here, Plaintiffs disregarded two separate Court orders: (1) the order granting the motion to amend the complaint; and (2) the order granting Plaintiffs additional time to amend the complaint. By not complying with these orders, Plaintiffs have also failed to prosecute their case in a timely manner, and this case is due to be dismissed under Rule 41(b).

## II.   28 U.S.C. § 1915(e)(2)

Additionally, under 28 U.S.C. § 1915, a court may dismiss an in forma pauperis complaint if it is frivolous, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1). The statute's purpose is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A dismissal pursuant to § 1915(e)(2) may be sua sponte by the court prior to the issuance of process. *Id.* at 324. The Court's review under 28 U.S.C. § 1915(e) starts with an analysis of whether a complaint complies with the pleading standards applicable to all civil actions filed in federal court. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the

facts as pleaded do not state a claim for relief that is 'plausible on its face.'") (citations omitted).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each factual allegation should be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). While detailed factual allegations are not required, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must present "more than an unadorned, the defendant-unlawfully-harmed-me accusation . . . A pleading that offers 'labels and conclusions' . . . will not do . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Put differently, to "'state a claim to relief that is plausible on its face,'" a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556, 570). Importantly, however, courts do not consider "any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

Plaintiffs allege that the tenancy was based on a mistaken understanding that Plaintiff Siobhan Bianca Reaves would engage in a polyamourous relationship as part of the residential living arrangement with Defendant Alaya Jacquelyn Jakes and Jakes's partner, and when Reaves made clear that was not agreeable, she was retaliated against with defaming statements on social media and similar harassment. Doc. 1 at 11–12. Later

when Jakes began operating an "illegal" daycare from the apartment, Reaves confronted Jakes about the operation. As a result, Jakes threatened to and did evict Reaves. Doc. 1 at 12–14. Reaves alleges that "two officers came out and basically informed Reaves that Jakes could perform an illegal eviction . . . and that Jakes could throw her things outside the home and conduct an illegal eviction." Doc. 1 at 14. Auburn police stood by and allowed the eviction and, in Reaves's judgment, failed to arrest Jakes for wrongfully evicting Reaves. Doc. 1 at 14–15.

Plaintiff Reaves alleges she was "illegally" evicted from the home of Defendant Jakes within the Timber Trace Apartment complex (also named as a defendant with its alleged owner, Michael J. Gabrail, and co-owner Miami Kinnett), where Jakes ran an "illegal daycare" as Defendant MS AJs Nanny Nursery. Doc. 1 at 3–6. Plaintiffs also name as defendants: the City of Auburn, the Auburn Police Department, the Chief of Police Cedric Anderson, the Auburn Mayor Ron Anders, Jr., and fictitious parties. *Id.* at 2–6. Plaintiff Kathy R. Williams is alleged only to have "witnessed the events as described herein the factual allegations." *Id.* at 6.

Generally, the complaint alleges Defendants committed a "violation of their rights secured by 42 U.S.C. §§ 1983, 1988, [and] the Fourth and Fourteenth Amendments to the United States Constitution." *Id.* at 10. Plaintiffs allege in the complaint that Defendant Jakes was "operating an illegal daycare" "where Reaves was living" and that after Reaves told Jakes "that she needed to have the daycare legally run" that Reaves was "illegal[ly] evict[ed]." *Id.* at 12–13. Plaintiffs also allege "Jane Doe" is leasing "the Section 8 leasing unit" at issue and that she is "allowing [it] to be subleased in violation of HUD and Section

8 federal guidelines to Defendant Jakes to operate an[] illegal daycare." *Id.* at 4. Elsewhere in the Complaint, Plaintiffs allege the following causes of action: "municipal and supervisory liability," "negligent in retention and hiring," and "respondeat superior." *Id.* at 21–30.

In addition, Plaintiffs appear to allege "Officers of the Auburn City Police Department" committed or witnessed an "unlawful search" and "seizure" of property and observed an "illegal eviction that occurred" which was "in violation of Alabama Landlord and tenant laws." *Id.* at 10, 14–15. Plaintiffs appear to assert the officers should have "arrest[ed] the defendant Jakes for executing and enforcing an illegal eviction." *Id.* at 10. However, Plaintiffs' complaint fails to allege specific acts these officers engaged in, when they engaged in these acts, or how the alleged acts amount to a violation of federal law. At most, Plaintiffs alleged that officers stood by and did not intervene as Reaves was evicted by Jakes. Apart from alleging facts concerning the "illegal eviction," Plaintiffs allege no facts amounting to a "violation of their rights" and simply posit that "Section 1983 applies to civil rights violations conducted under color of state law against any defendant acting in the capacity of an agent, servant and employee of the City of Auburn, Alabama, or the Auburn Police Department." *Id.* at 20. To the extent Plaintiff intends to pursue criminal action in this Court, there is no private right of action to pursue criminal charges. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Under § 1983, "[p]rivate conduct is not actionable"; "rather, to state a claim for relief, the alleged deprivation of a constitutional right must occur 'under color of state law.'" *Shell v. Foulkes*, 362 F. App'x 23, 27 (11th Cir. 2010). "State action is not

established merely because a private entity receives government funding or is subject to extensive government regulation." *Id.* "[T]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

Here, Plaintiffs' argument under § 1983 appears to be that because "the City [of Auburn] is responsible for all businesses and daycares," that the City owed a duty of care to Plaintiffs due to the fact that the Timber Trace Apartment complex was allegedly subject to Section 8 federal subsidized housing programs. Doc. 1 at 22–23. Further, while Plaintiffs appear to allege that Reaves's landlord was violating requirements placed on Section 8 housing, she cites to no legal authority in support of her claim related to another party's alleged violation of Section 8 and further pleads no facts about the lease or sublease that would support any of the claims about the purported violations. *Id.* 3–5, 12–13, 15–17. Plaintiffs raise the legal argument that a "private citizen cannot execute and enforce an eviction and take back ownership of the property in Alabama without an Order from the judge" and that "[i]f the tenant does not leave the premises after the seven day notice the landlord—here Jakes—has to have the tenant evicted under Alabama law." *Id.* at 16–17. However, Plaintiffs articulate no basis for a federal cause of action supporting this legal conclusion, nor do they provide any factual information concerning a lease or explaining Reaves's rights to the property at issue. Notably, it is unclear who the landlord is based on the complaint, as elsewhere in the complaint, Plaintiffs refer to the landlord as Jane Doe, not Jakes. *Id.* at 4, 17. There are no factual allegations supporting any cause of action by the alleged witness/Plaintiff Williams.

Reaves is understandably upset that Jakes, with whom she had some kind of private agreement as to tenancy, discontinued their relationship as roommates, but the allegations of the complaint do not formulate the basis for federal court litigation as presented. *Id.* at 4, 17. To the extent these claims can be construed as pertaining to a landlord-tenant based dispute, these claims do not find footing in a federal cause of action.

Plaintiffs' vague and conclusory allegations fail to state any plausible claim even under the most liberal construction. *See Twombly*, 550 U.S. at 555 (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks and citation omitted). To comply with the Federal Rules of Civil Procedure, a plaintiff is required to set forth both a cognizable legal claim and sufficient factual allegations to support the asserted claim, thereby showing that she is plausibly entitled to the relief being sought. Fed. R. Civ. P. 8(a)(2)–(3). Plaintiff has failed to do that here.

Further, the tardy amended complaint fails to cure the above-stated deficiencies. The amended complaint alleges the same causes of action as the initial complaint but includes additional labels of "conspiracy" and "intentional infliction of emotional distress" as allegations against Defendants City of Auburn, City of Auburn Police Department, Officer Swanson, and Alaya Jacquelyn Jakes. Doc. 20 at 2, 12–16. The amended complaint further alleges that Reaves was "not on the lease for the section 8 rental property" and that "Auburn Housing Authority nor HUD were aware that Jakes was operating an illegal in home daycare." Doc. 20 at 5. The amended complaint alleges "violation of the Alabama Landlord and Tenant Act," without any further facts presented or allegations as to how

this statute was violated. Doc. 20 at 8.

The changes reflected in the amended complaint do not address the deficiencies in the initial complaint, specifically the fact that Plaintiffs have failed to allege how Reaves's (or Williams's) constitutional rights were violated "under the color of state law." *Shell*, 362 F. App'x at 27. "To state a substantive due process claim, a plaintiff must allege (1) deprivation of a constitutionally protected interest, and (2) that 'the deprivation was the result of an abuse of governmental power sufficient to raise an ordinary tort to the stature of a constitutional violation.'" *Hoefling v. City of Miami*, 811 F.3d 1271, 1282 (11th Cir. 2016) (quoting *Executive 100, Inc. v. Martin Cnty.*, 922 F.2d 1536, 1541 (11th Cir. 1991)).

At most, in the amended complaint, Reaves alleges that certain private conduct involving her eviction from the property was observed by police officers. Doc. 20 at 3–4, 9–12. While Plaintiffs allege violation of due process, Doc. 20 at 8, they do not satisfactorily allege facts showing how the officers' actions deprived Reaves of a constitutionally protected interest, nor do they allege that by depriving Reaves the officers were abusing their power. *Hoefling*, 811 F.3d at 1282. Further, Reaves has not shown how the eviction itself rises to the "deprivation of a constitutional right." *Shell*, 362 F. App'x at 27. To do so, Reaves would need to allege "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Merely alleging that an eviction occurred in a residence that is allegedly governed by Section 8 regulations and that this eviction was observed by police does not satisfy the requirements under § 1983 to allege how the landlord's actions in conducting the eviction

can be treated as the actions of the state itself. *Id.* Thus, after reviewing the amended complaint, the undersigned recommends that allowing for additional amendment to the complaint would be futile. *See Melton v. Rump,* 2024 LEXIS 77695, at *3 (M.D. Ala. Apr. 29, 2024) ("[W]hile a pro se litigant must generally be given an opportunity to amend a complaint, a district court need not allow an amendment where amendment would be futile."). Accordingly, this case is also due to be dismissed under § 1915(e)(2)(B).

For these reasons, the undersigned RECOMMENDS this case be DISMISSED with prejudice. It is further

ORDERED that on or before **November 12, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of October, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE